UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUISE E. HAYES,

        Plaintiff,                               Civil Action No. 12-cv-15231

vs.                                              HON. BERNARD A. FRIEDMAN

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR ATTORNEY FEES**

This matter is presently before the Court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA") [docket entry 24]. Defendant has filed a response brief and plaintiff has filed a reply. Magistrate Judge R. Steven Whalen has submitted a Report and Recommendation ("R&R") [docket entry 28] in which he concludes that the government's position in this social security disability case was not substantially justified, which entitles the plaintiff to EAJA fees. The R&R further finds that plaintiff's application claiming 43.1 hours of attorney time and 3.6 hours of administrative time is not excessive in light of the "complex, fact-intensive" nature of the case. (R&R at 9). Finally, the R&R recommends that plaintiff be awarded $5,675.50 under the EAJA, made payable directly to plaintiff's attorney. This award was calculated using the EAJA's statutory maximum hourly rate of $125.00 for attorney fees and $80.00 for administrative fees. Plaintiff has objected to Magistrate Judge Whalen's finding that plaintiff did not provide satisfactory evidence to justify an hourly attorney fee rate greater than the statutory maximum of $125.00 per hour. Defendant has neither objected to the R&R nor responded to

plaintiff's objections. Because the only objections to the R&R stem from whether plaintiff is entitled to attorney fees greater than the $125.00 per hour statutory maximum under the EAJA, the Court reviews de novo only that portion of the R&R. *See* Fed. R. Civ. P. 72(b)(3).

Having reviewed (1) the administrative record; (2) the plaintiff's motion for attorney fees; (3) the response and reply thereto; (4) Magistrate Judge Whalen's R&R; and (5) plaintiff's objections thereto, the Court is persuaded that plaintiff is entitled to attorney fees of $173.01 per hour under the EAJA, for a total award of **$7,744.73**.

*Introduction*

This is a social security disability case, which the Court remanded for further proceedings in January 2014 pursuant to sentence four of 42 U.S.C. § 405(g). Defendant concedes that plaintiff, having obtained an order of remand, is deemed a prevailing party under the EAJA, which entitles plaintiff to an award of "fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Plaintiff requested fees and expenses in the total amount of $7,744.73, itemized as follows: 43.1 attorney hours at $173.01 per hour [$7,456.73] and 3.6 administrative work hours at $80.00 per hour [$288.00]. To support this request, plaintiff's counsel provided an affidavit stating, among other qualifications, that he has practiced social security law for 28 years, has been a member of the National Organization of Social Security Claimants' Representatives, and has attended 17 national conferences on emerging developments in social security law. Plaintiff further supported his motion for attorney fees by providing printouts of

Consumer Price Indexes from the U.S. Department of Labor for the Northeast and Midwest regions, as well an itemized list of the work performed on plaintiff's case.

In the R&R regarding attorney fees, Magistrate Judge Whalen recommended a total award of $5,675.50, using the statutory hourly attorney fee rate of $125.00 to arrive at this calculation. Plaintiff has objected to this portion of the R&R, arguing that the Court should use its discretion to award a higher hourly rate for the attorney time given the rise in inflation and the attorney's expertise in the field.

*Legal Standard*

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009), the Sixth Circuit indicated that an attorney seeking a rate higher than the statutory $125.00 per hour must support the request with more than mere inflation statistics:

> In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895 n. 11, 104 S.Ct. 1541.

\* \* \*

Here, Plaintiffs failed to meet their burden of proof, and the district

3

> court, in each case, appropriately noted the lack of proffered evidence. In fact, in both cases, Plaintiffs submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees. This is not enough, and the district court did not abuse its discretion in denying Plaintiffs' requests. Moreover, Plaintiffs' policy arguments arguably justifying a legislative increase to the EAJA's statutory cap are not relevant to this Court's review for abuse of discretion. For these reasons, we affirm the decisions of the district court limiting the hourly-fee rate in these cases to $125.

The Court notes that the $125.00 hourly rate was set in 1996 and has not been raised since.

*Application*

Applying the Sixth Circuit's guidance from *Bryant* to the facts of this case, Magistrate Judge Whalen found that plaintiff did not provide satisfactory evidence to justify a rate increase. Like the plaintiff in *Bryant*, the plaintiff here supported his initial motion for attorney fees with only Consumer Price Indexes and an affidavit from his attorney stating his qualifications and expertise. Although Magistrate Judge Whalen sympathized with plaintiff's attempt to receive a greater hourly rate, he ultimately concluded that "[a]s much as I might like to give counsel a higher rate, he has not met his burden" and "must submit something more showing that the claimed rate is in line with prevailing rates in this community." (R&R at 9). In the footnote accompanying this statement, Magistrate Judge Whalen directed counsel that "[i]n the future, [he] may want to look at the State Bar of Michigan's 2010 Economics of Law Practice in Michigan Survey to obtain a fair estimate of prevailing rates in this district." (*Id.* at 9 n.1 (internal citation omitted)). Because plaintiff failed to provide more than an affidavit from his attorney and printouts of Consumer Price Indexes, Magistrate Judge Whalen recommended that plaintiff's attorney fees be calculated using the statutory maximum of $125.00 per hour under the EAJA.

While the Court agrees with Magistrate Judge Whalen's conclusion that plaintiff did not provide satisfactory evidence to justify a rate increase in his motion, this defect was cured when plaintiff heeded Magistrate Judge Whalen's instructions by including State Bar of Michigan statistics in his objections to the R&R. Plaintiff provided statistical information from the State Bar of Michigan that showed that his requested fee of $173.01 comports with hourly fees of Michigan attorneys with similar years of experience. While the information that plaintiff provided the Court could certainly have been more robust, plaintiff's addition of the State Bar of Michigan statistics tips the balance, ever so slightly, in favor of finding that plaintiff has met his burden of providing satisfactory evidence to justify a rate increase.

To summarize, the Court shall award plaintiff fees under the EAJA in the full amount requested: 43.1 attorney hours at $173.01 per hour [$7,456.73] and 3.6 administrative work hours at $80.00 per hour [$288.00]. The total award is $7,744.73.

/

/

/

/

/

/

*Conclusion*

For the reasons stated above,

IT IS ORDERED that plaintiff's objections to the R&R are sustained and his application for attorney fees and expenses under the EAJA is granted in the total amount of $7,744.73.

IT IS FURTHER ORDERED that this amount, minus any preexisting debt plaintiff owes the government, if any, is to be paid directly to plaintiff's counsel within 14 days of the date of this order.

S/ Bernard A. Friedman_____
HON. BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 24, 2014
       Detroit, Michigan